**SNYDER BURNETT EGERER, LLP**
**Megan J. Stone (SB# 324041)**
**Evan McDonough (SB #311101)**
3757 State Street, Suite 2A
Santa Barbara, California 93105
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
mstone@sbelaw.com
emcdonough@sbelaw.com

Attorneys for Defendant SICK, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| GARRETT KNAPP, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SICK, INC., a Minnesota Corporation, and DOES 1 through 20, Inclusive,<br><br>Defendants.<br>__________________________________/ | Case No.<br><br>[Orange Superior Court Case No. 30-2025-01501420-CU-WT-CJC]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b)** |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that defendant SICK, INC. ("defendant") hereby removes the state court action described below to the above-captioned court on the following grounds:

1. On or about August 1, 2025, plaintiff Garrett Knapp ("plaintiff") filed Case No. 30-2025-01501420-CU-WT-CJC in the Superior Court of the State of California, County of Orange, entitled *Garrett Knapp v. SICK, Inc.* A true and correct copy of the Complaint is attached hereto as Exhibit 1. The Complaint alleges causes of action under the California Fair Employment and Housing Act ("FEHA") for: (1) Sex and Gender Discrimination; (2) Associational Disability Discrimination; (3) Failure to Engage in a Good Faith Interactive Process; (4)



SNYDER BURNETT EGERER, LLP
3757 State Street
Suite 2A
Santa Barbara, CA 93105

Failure to Provide Reasonable Accommodations; (5) Retaliation; and (6) Failure to Prevent Discrimination and Retaliation. The Complaint also contains a cause of action for Wrongful Termination in Violation of Public Policy.

2. As set forth below, this is a civil action between parties domiciled in different states, over which this court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b).

3. Plaintiff is, and at all relevant times was, a resident and citizen of California, as indicated in Plaintiff's Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

4. Defendant SICK, Inc. is, and at all relevant times was, a corporation duly organized and existing under the laws of Minnesota with its principal place of business in Minnesota, as indicated in the Declaration of Megan J. Stone attached hereto as Exhibit 2.

5. "The amount in controversy is 'not a prospective assessment of [a] defendant's liability. Rather, it is the 'amount at stake in the underlying litigation.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). "The amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [plaintiff] prevails." *Id.* Thus, the calculations supporting the amount in controversy are based on plaintiff's possible recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on plaintiff's theory of recovery.

6. The Complaint alleges "plaintiff has suffered and continues to suffer losses in earning and other benefits, and will for a period of time be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished." *Complaint*, ¶ 23. At the time of his employment, plaintiff alleges he was earning $115,000 annually plus commission. *Id.*, at ¶ 11.



**SNYDER BURNETT EGERER, LLP**
3757 State Street
Suite 2A
Santa Barbara, CA 93105

This makes his base salary approximately $9,583 per month. Plaintiff alleges his employment ended in February 2025. *Id.*, at ¶ 15. As of the date of this removal, approximately seven months have passed. Therefore, at the time of removal, plaintiff's past lost wages total approximately $57,500, not including commission payments and other lost benefits. *Id.*, at ¶ 15.

7. Estimating a trial one year from the date of removal, plaintiff's claimed lost wages based solely on his annual base salary through trial would equal to at least $175,500. *Chavez, supra*, 888 F.3d at 418 ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *Reyes v. Staples Off. Superstore, LLC,* No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (calculating the amount in controversy on removal as including "lost wages up until the date of a potential trial" and applying a "conservative estimate" of one year from the date of removal to the trial date to calculate the amount in controversy); *Beltran v. Procare Pharmacy, LLC*, No. 2:19-cv-08819-ODW (RAOx), 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (same).

8. Plaintiff also seeks attorney's fees. *Complaint*, at Prayer ¶ 2. Under Ninth Circuit precedent, because the FEHA "entitles [plaintiff] to an award of attorneys' fees if [plaintiff] is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC* (9th Cir. 2018) 899 F.3d 785, 794; *Government Code* § 12965 (b). "In estimating future attorneys' fees, district courts may… rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id.*, at 795; *Simmons v. PCR Technology*, 2019 F.Supp.2d 1029, 1035 (recognizing that individual discrimination cases undoubtedly require substantial effort from counsel and that attorneys' fees in individual discrimination cases often exceed the damages). Other cases similarly



**SNYDER BURNETT EGERER, LLP**
3757 State Street
Suite 2A
Santa Barbara, CA 93105

show that attorneys' fees in employment cases typically exceed $75,000. *See e.g. Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013) (affirming attorneys' fee award of $697,000 despite recovery of $27,000 on FEHA claim); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal.App.4th 440, 446 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on FEHA claims). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy exceeds $75,000.

9. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons, supra*, 209 F. Supp. 2d at 1034 (finding that emotional distress damages in successful employment discrimination case may be substantial); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").) In this case, plaintiff alleges he "suffered general damages, as he was physiologically injured," and that "such injuries have caused, and continue to cause Plaintiff great mental pain and suffering." Complaint, ¶ 24. He also alleges that he will be "required to employ physicians and incur additional medical and incidental expenses" in the future. Complaint, ¶ 36. Thus, the inclusion of this claim only adds to the amount in controversy, and once again, supports the conclusion that the amount in controversy exceeds $75,000.

10. Plaintiff also seeks punitive damages, which must be taken into account when ascertaining the amount in controversy in FEHA cases. *Simmons, supra*, 209 F.Supp. at 1033 (noting California jury verdicts "amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

11. Lastly, plaintiff's counsel declined to stipulate to a $75,000 damages cap in exchange for keeping this matter in state court as indicated by the Declaration of Megan J. Stone attached hereto as Exhibit 2. Concessions made by





SNYDER BURNETT EGERER, LLP
3757 State Street
Suite 2A
Santa Barbara, CA 93105

counsel are "tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which [the Ninth Circuit] accepts as the amount in controversy if done in good faith." *Chavez v. JPMorgan Chase & Co*, 888 F.3d 413, 416 (9th Cir. 2018); see also *Zambrano v. Rite Aid Corp*., 2019 U.S. Dist. LEXIS 57644 (C.D. Cal., Apr. 3, 2019), at *10-12 ("…Plaintiff's refusal to stipulate to damages of $75,000 or less, while not determinative, is persuasive…").

12. For each of the foregoing reasons, while defendant denies any liability as to plaintiff's claims, it is more likely than not that the amount in controversy exceeds the $75,000 jurisdictional minimum of this Court.

13. The time within which defendant is required to file a Notice of Removal has not yet expired, as set forth in 28 U.S.C. section 1446(b)(3).

14. Removal to this Court is proper, as the Superior Court of the State of California, County of Orange, where this action was commenced, is located within the Central District of California.

15. Defendant will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d) and will also file a copy of this Notice with the Clerk of the Orange County Superior Court, as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant respectfully requests that the above-captioned matter be removed to this Court.

Dated: September 4, 2025

SNYDER BURNETT EGERER, LLP

Megan Stone

By: Megan J. Stone / Evan R. McDonough
Attorneys for Defendant SICK, INC.

**SNYDER BURNETT EGERER, LLP**
3757 State Street
Suite 2A
Santa Barbara, CA 93105

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 08/01/2025 02:59:00 PM.
30-2025-01501420-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

Edgar Manukyan, Esq. (SBN 314606)
Andranik A. Khacheryan, Esq. (SBN: 361714)
**MANUKYAN LAW FIRM, APC.**
505 N. Brand Blvd. Suite 810
Glendale, California 91203
Tel: (818) 559-4444
Fax: (888) 746-4420
Email: edgar@manukyanlawfirm.com
andy@manukyanlawfirm.com

Attorneys for Plaintiff,
GARRETT KNAPP

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

Assigned for All Purposes
Judge Kimberly A. Knill

GARRETT KNAPP, an individual

Plaintiff,

vs.

SICK, INC., a Minnesota Corporation, and DOES 1 through 20, Inclusive

Defendants.

**Case No.:** 30-2025-01501420-CU-WT-CJC

**COMPLAINT FOR DAMAGES**

1. **SEX AND GENDER DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
2. **ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
5. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
6. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**
**DEMAND FOR JURY TRIAL**

GARRETT KNAPP ("Plaintiff") is informed and believes, and alleges thereon, the following:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff, at all relevant times herein resided in Tustin, California.

2. Plaintiff is informed and believes, thereon alleges that Defendant SICK, INC. ("DEFENDANT") is a Minnesota Corporation that operates all throughout California.

3. Plaintiff is informed and believes, and thereon alleges, Defendant is in the business of designing and manufacturing sensors for industrial automation applications.

4. The unlawful acts pleaded herein occurred in Tustin, California.

5. Venue is proper in Orange County pursuant to California Government Code § 12965 and Code of Civil Procedure §§ 395(a), 395.5.

6. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendant, and was acting within the course and scope of such agency or employment.

8. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged.

9. Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on August 1, 2025, less than three years from the date of most recent actionable offense. On August 1, 2025, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

//

//

//

//

//

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11. Plaintiff began working for Defendant in or about November 2022, as a Territory Account Manager. Plaintiff's duties included generating sales revenue by meeting sales targets and pursuing new business opportunities while building customer relationships. As a full time, salaried employee, Plaintiff earned approximately $115,000.00 annually plus commission.

12. On or about June 2024, Plaintiff informed his manager, Glen (last name unknown) of his wife's pregnancy. Plaintiff expressed that he and his wife were expecting their child on or about November 2024. Plaintiff was excited about starting this new chapter in his life however, shortly after Plaintiff had informed Glen of his wife's pregnancy, Plaintiff took notice of a shift in behavior from Defendant. Plaintiff felt that Defendant had begun to resent Plaintiff due to the anticipated time off that Plaintiff may require to care for his newborn child.

13. On or about July 2024, Plaintiff's fears became a reality after Glen notified Plaintiff that he would be placed on a sixty (60) day Performance Improvement Plan ("PIP"). This had been the first time that Plaintiff's performance had been in question. Prior to this, Plaintiff had been meeting Defendant's performance expectations. In fact, Plaintiff achieved a 114% sales quota while the company was averaging a sales quota of approximately 90%. Additionally, Plaintiff had no prior disciplinary actions or warnings. As such, Plaintiff found it odd that his performance had been criticized only after Plaintiff had informed Defendant of his wife's pregnancy.

14. On or about November 2024, Plaintiff's wife went into labor and Plaintiff's child was born. However, complications arose during labor. As a result, Plaintiff remained off work for approximately one (1) week so that Plaintiff could care for his wife and newborn child. Rather than taking his full paternity leave at the time, Plaintiff determined that he would only remain off work for (1) week as he feared that Defendant would penalize him further for taking additional time off work. Specifically, Plaintiff expressed to Glen that he would not take his full paternity leave at the time so that he may hit his sales goals by the end of the year. Plaintiff did everything in his ability to improve during his PIP however, Defendant continued to criticize Plaintiff's performance.

15. On or about January 2025, Defendant implemented a new structure regarding the number of meetings that sales representatives needed to go on. Due to the recent implementation, Plaintiff failed to meet his target. Not long after, in early February 2025, Plaintiff submitted time off requests for his paternity leave which was scheduled for on or about March and again in April 2025. Plaintiff was excited to spend time with his newborn child however, things quickly took a turn for the worse. On or about February 2025, Plaintiff was informed by Glen and Human Resources that he would be terminated from his position due to allegedly not going on enough meetings per the new structure recently implemented. Plaintiff was in shock and disbelief as his performance had never been an issue since the beginning of his employment with Defendant. Additionally, Plaintiff had no previous disciplinary actions or warnings in the past, prior to the PIP.

16. Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation for having been directly discriminated against for his association with a spouse who had a pregnancy related disability and/or being regarded as disabled and for requesting a paternity leave of absence for the birth of his child, despite his outstanding and loyal service to Defendants.

**FIRST CAUSE OF ACTION**

**SEX AND GENDER DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

17. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

18. At all times relevant to this action, Plaintiff was employed by Defendants.

19. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

20. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(r)(1)(A), 12926(r)(2) because of Plaintiff's sex, gender, and his association with a spouse who had a disability related to pregnancy.

//

//

21. At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff as previously alleged on the basis of sex and gender because of his association with a spouse who had a disability related to pregnancy and associated leave of absence, by terminating him in violation of CAL. GOV'T CODE § 12940(a).

22. Defendants were substantially motivated to terminate Plaintiff because of his sex, gender, association with a spouse who had a disability related to pregnancy and associated leave of absence.

23. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

24. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

25. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

26. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

//

//

27. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

**SECOND CAUSE OF ACTION**

**ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

28. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

29. At all times relevant to this action, Plaintiff was employed by Defendants.

30. At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

31. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(o) because of his association with a spouse who had disabilities related to pregnancy and/or was regarded as disabled.

32. At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his association with his spouse who was disabled and/or was regarded as being disabled by terminating Plaintiff in violation of CAL. GOV'T CODE § 12940(a).

33. Defendants were substantially motivated to terminate Plaintiff because of his association with a spouse who had a disability related to pregnancy and/or was regarded as being disabled.

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

//

35. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

36. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

37. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

38. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

39. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants.

41. At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

42. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(o), or 12926(r)(1)(A) because of his association with a spouse who had disabilities related to pregnancy and/or was regarded as disabled.

43. At all times relevant to this action, Defendants unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(o) despite the fact that it had actual and constructive knowledge of his association with a spouse who had disabilities related to pregnancy and/or was regarded as disabled, need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

44. Defendants' failure to accommodate Plaintiff was substantially motivated by his association with a spouse who had a pregnancy related disability and/or was regarded as disabled and leave of absence, as previously pled herein.

45. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

46. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

47. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

48. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

//

49. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

50. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants.

52. At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

53. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(o), because of his association with a spouse who had disabilities related to pregnancy and/or was regarded as disabled.

54. Defendants unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that they had actual and constructive knowledge of his association with a spouse who had a pregnancy related disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

55. Defendants' failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his association with a spouse who had a pregnancy related disability and/or was regarded as disabled and leave of absence as previously pled herein.

56. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

57. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

58. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

59. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

60. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

61. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

62. At all times relevant to this action, Plaintiff was employed by Defendants.

63. At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to refrain from discriminating and retaliating against any employee on the basis of association with a spouse who had a pregnancy related disability and/or was regarded as disabled, medical leave of absence, request for accommodation, and opposition to conduct related thereto.

//

64. Defendants engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

65. Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendants' decision to retaliate against and terminate him. Defendants' conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

66. At all times relevant to this action, Defendants unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating him.

67. Defendants' retaliatory termination of Plaintiff's employment was substantially motivated by his association with a spouse who had a pregnancy related disability and/or was regarded as disabled, leave of absence, request of accommodation, and opposition to conduct related thereto, as previously pled herein.

68. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

69. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

70. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

//

//

//

71. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

72. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

73. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

74. At all times relevant to this action, Plaintiff was employed by Defendants.

75. At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

76. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(o), because of Plaintiff's association with a spouse who had disabilities related to a pregnancy and/or was regarded as disabled.

77. At all times relevant to this action, Defendants unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of his association with a spouse who had a pregnancy related disability and/or was regarded as disabled, leave of absence, request for accommodation, and opposition to conduct related thereto.

//

//

//

78. Defendants were substantially motivated to terminate Plaintiff on the basis of his association with a spouse who had a pregnancy related disability and/or was regarded as disabled, leave of absence, request for accommodation, and opposition to conduct related thereto, as previously pled herein.

79. Defendants failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendants became aware of the discriminatory and retaliatory conduct. Instead, Defendants terminated Plaintiff in bad faith.

80. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

81. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

82. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

83. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

//

84. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

85. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

86. At all times relevant to this action, Plaintiff was employed by Defendants.

87. At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to refrain from terminating any employee on the basis of his association with a spouse who had a pregnancy related disability and/or was regarded as disabled, requests for reasonable accommodations, and/or leaves of absence as previously pled herein.

88. Defendants' conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

89. Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Defendants' conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

90. CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

91. Defendants' wrongful termination of Plaintiff's employment was substantially motivated by his association with a spouse who had a pregnancy related disability and/or was regarded as disabled, requests for reasonable accommodations, and/or leaves of absence as previously pled herein.

//

//

//

92. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

93. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

94. As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

95. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

96. Plaintiff is informed, and believes and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through their officers, directors, and/or managing agents.

//

//

//

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GARRETT KNAPP prays for relief and judgment against Defendant SICK, INC., and DOES 1 through 20 as follows:

1. Past and future economic and non-economic damages according to proof;
2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;
3. Injunctive relief compelling Defendants to reinstate Plaintiff to his previous position, prohibiting Defendants from engaging in similar unlawful conduct as complained of herein, and ordering Defendants to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;
4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;
5. Punitive damages; and
6. All other relief that the Court deems just and proper.

Dated: August 1, 2025

**MANUKYAN LAW FIRM, APC**

By: /s/ Andranik A. Khacheryan, Esq.
Edgar Manukyan, Esq.
Andranik A. Khacheryan, Esq.
Attorneys for Plaintiff,
GARRETT KNAPP

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: August 1, 2025

**MANUKYAN LAW FIRM, APC**

By: /s/ Andranik A. Khacheryan, Esq.
Edgar Manukyan, Esq.
Andranik A. Khacheryan, Esq.
Attorneys for Plaintiff,
GARRETT KNAPP

# EXHIBIT 2

**SNYDER BURNETT EGERER, LLP**
**Megan J. Stone (SB# 324041)**
**Evan McDonough (SB #311101)**
3757 State Street, Suite 2A
Santa Barbara, California 93105
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
mstone@sbelaw.com
emcdonough@sbelaw.com

Attorneys for Defendant SICK, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| GARRETT KNAPP, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SICK, INC., a Minnesota Corporation, and DOES 1 through 20, Inclusive,<br><br>Defendants.<br>___________________________________/ | Case No.<br><br>[Orange Superior Court Case No. 30-2025-01501420-CU-WT-CJC]<br><br>**DECLARATION OF MEGAN J. STONE IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b)** |

I, Megan J. Stone, declare as follows:

1. I am an attorney duly licensed and admitted to practice before all of the courts of the state of California and the Central District of California. I am a partner at the firm of Snyder Burnett Egerer, LLP, counsel of record for Defendant SICK, Inc.

2. I am informed and believe that Defendant SICK, Inc. is, and at all relevant times was, a corporation duly organized and existing under the laws of Minnesota with its principal place of business in Minnesota.

3. On September 4, 2025, I spoke with counsel of record for Plaintiff Garrett Knapp. I informed plaintiff's counsel of defendant's intention to remove the matter to federal court and asked whether he would stipulate to a $75,000



SNYDER BURNETT EGERER, LLP
3757 State Street
Suite 2A
Santa Barbara, CA 93105

damages cap to keep the matter in state court. Plaintiff's counsel stated he would not so stipulate.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 4th day of September 2025, at Santa Barbara, California.

Megan Stone

Megan J. Stone



**SNYDER BURNETT EGERER, LLP**
3757 State Street
Suite 2A
Santa Barbara, CA 93105

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed by the firm of Snyder Burnett Egerer, LLP, in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 3757 State Street, Suite 2A Santa Barbara, California 93105.

On September 4, 2025, I served the foregoing document(s) described as **(1) NOTICE OF INTERESTED PARTIES; (2) CIVIL CASE COVERSHEET; (3) NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(b)** on all parties of record in this action by placing a true and correct copy thereof in a sealed envelope or package addressed as follows:

**Edgar Manukyan**
**Andranik A. Khacheryan**
**Manukyan Law Firm**
505 N. Brand Blvd., Ste 810
Glendale, CA 91203
Telephone: 818.559.4444
Facsimile: 888.746.4420
Email: edgar@manukyanlawfirm.com

***Attorneys for Plaintiff***
***GARRETT KNAPP***

_xx__ I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day from the date of deposit for mailing in the affidavit.

_____ At approximately __________, I served the foregoing document on all parties of record in this action at the fax number(s) designated above, by placing true copies thereof in our office fax machine, fax number 805.692.2801. The transmission was reported as complete and without error by the transmitting fax machine.

______ I caused such envelope or package to be picked up by a common carrier promising overnight delivery, with charges prepaid, for delivery the next day to the persons identified above.

__xx___ I caused the foregoing document to be sent to the persons at the electronic notification address(es) designated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on September 4, 2025 at Santa Barbara, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*s/Allyson Duffy*

Allyson Duffy